IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARLEEN STANTON and KELLY MORRELL,<br><br>          Plaintiffs,<br><br>vs.<br><br>BRUCE P. COUTURIER,<br><br>          Defendant,<br><br>and<br><br>THE EMPLOYEE OWNERSHIP HOLDING COMPANY, a Delaware Corporation,<br><br>          Nominal Defendant. | Case No. 2:09-cv-00519-RRB-GGH<br><br><br>**TEMPORARY RESTRAINING ORDER; ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION** |

Having considered Defendant The Employee Ownership Holding Company, Inc.'s ("TEOHC") motion for a temporary restraining order and for an order to show cause why a preliminary injunction should not issue, the accompanying memorandum of points and authorities, the declaration of Cynthia J. Larsen, and the record of this action, and the Court having found good cause for the relief sought by TEOHC,

TRO AND OTSC - 1
2:09-CV-00519-RRB-GGH

**IT IS HEREBY ORDERED AS FOLLOWS:**

The Court hereby finds that TEOHC has shown that there is a strong likelihood that an arbitration conducted without participation by the TEOHC Employee Stock Ownership Plan participants will not be binding or recognized in this action under the Ninth Circuit decision in Johnson v. Couturier. Due to the potential depletion of the assets that will ultimately be available for TEOHC ESOP participants, TEOHC will suffer irreparable harm in the absence of an order temporarily staying and enjoining the arbitration proceeding before JAMS entitled  Bruce Couturier v. TEOHC, which is brought by Bruce Couturier against TEOHC to obtain advancement and indemnification under an alleged indemnification agreement with TEOHC. The harm to TEOHC from denying the relief sought outweighs the harm to Couturier from affording such relief because, under the Ninth Circuit's decision in Johnson v. Couturier, advancement would likely be impermissible under ERISA.

Therefore, TEOHC's Motion for a Temporary Restraining order is **GRANTED**. The above-referenced arbitration proceeding is hereby temporarily stayed and enjoined. The parties to the arbitration proceeding are hereby enjoined and restrained from participating in such proceeding pending the Court's decision as to whether a preliminary injunction should be issued.

The above Temporary Restraining Order is effective upon TEOHC's filing an undertaking in the sum of **$5,000.**

**IT IS FURTHER ORDERED THAT:**

Defendant Bruce Couturier is hereby ORDERED TO SHOW CAUSE why the arbitration proceeding should not be stayed and enjoined pending a determination by the Court in this action of the validity and enforceability of the indemnification agreement between Couturier and TEOHC.

Couturier shall file any papers in opposition to the issuance of a preliminary injunction on or before **TUESDAY, SEPTEMBER 22, 2009.** TEOHC shall file any reply papers in support of the issuance of a preliminary injunction on or before **WEDNESDAY, SEPTEMBER 23, 2009.**

**IT IS SO ORDERED.**

ENTERED this 17th day of September, 2009.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE