IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARLEEN STANTON and<br>KELLY MORRELL,<br><br>        Plaintiffs,<br><br>vs.<br><br>BRUCE P. COUTURIER,<br><br>        Defendant,<br><br>and<br><br>THE EMPLOYEE OWNERSHIP HOLDING<br>COMPANY, a Delaware<br>Corporation,<br><br>        Nominal Defendant. | Case No. 2:09-cv-00519-RRB-GGH<br><br><br><br>**ORDER REGARDING MOTION<br>TO DISMISS AT DOCKET 23** |

## I. INTRODUCTION

Before the Court is Defendant Bruce Couturier with a Rule 12(b)(6) Motion to Dismiss and Rule 12(f) Motion to Strike at Docket 23. Couturier seeks dismissal of this case on several legal grounds, including insufficiency of the ERISA claims, the passing of the statute of limitations, and the doctrine of laches, among

other reasons. Plaintiffs Darleen Stanton and Kelly Morrell oppose at Docket 27.

**II.   BACKGROUND**

Because the parties are familiar with the facts of this case, they need not be restated in great detail. Plaintiffs have alleged that Bruce Couturier, as a corporate officer and later director of what was once known as Noll Manufacturing Company, was involved in a scheme to defraud the TEOHC Employee Stock Ownership Plan ("the Plan"), an ERISA plan in which the Plaintiffs are participants.

Plaintiffs have alleged that during his tenure as a corporate director, Bruce Couturier had a fiduciary duty to the Plan which he violated by allowing his brother, Clair Couturier, to receive an allegedly excessive compensation package.[1] They also allege that Bruce Couturier participated in a series of prohibited transactions, including the corporate board's approval of his own compensation and indemnity agreements. These agreements were allegedly granted to him in exchange for his participation in the scheme to defraud the Plan.[2] In addition to the ERISA causes of

---

[1]   Docket 1 at 13.

[2]   Docket 1 at 5-9.

action, Plaintiffs seek derivative relief under the provisions of California state law.[3]

This Court has already preliminarily enjoined any advancement of fees under the indemnification agreement signed by Bruce Couturier while he was still with the company, because Plaintiffs can likely show that such advancement of fees would violate ERISA.[4]

**III. RULES OF DECISION**

A motion to dismiss for failure to state a claim made pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint.  A claim should only be dismissed if "it appears beyond doubt that a plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[5]  A dismissal for failure to state a claim can be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[6]  In reviewing a Fed. R. Civ. P. 12(b)(6) motion to dismiss, "[a]ll allegations of material fact in the complaint are taken as true and

---

[3]     Docket 1 at 14.

[4]     Docket 52 at 15.

[5]     Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1997).

[6]     Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990)).

construed in the light most favorable to the nonmoving party."[7] The court is not required to accept every conclusion asserted in the complaint as true; rather, the court "will examine whether conclusory allegations follow from the description of facts as alleged by the plaintiff."[8]

Civil Rule 12(f) provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter".[9] The court construes all well-pleaded facts as admitted.[10]

## IV. DISCUSSION

The Court will first address the sufficiency of Plaintiffs' ERISA claims before addressing their state law claims.

### A. Plaintiffs Have Validly Pled a Prohibited Transaction Claim Under 29 U.S. § 1106

Couturier argues that Plaintiffs' claims under ERISA § 406, 29 U.S.C. § 1106, are not tenable because Bruce Couturier was not a "party in interest" with regard to the Plan, and because Plaintiffs

---

[7] Vignolo, 120 F.3d at 1077.

[8] Holden v. Hagopian, 978 F.2d 1115, 1121 (9th Cir. 1992) (quoting Brian Clewer, Inc. v. Pan American World Airways, Inc., 674 F. Supp. 782, 785 (C.D. Cal. 1986)).

[9] Sidney-Vinstein v. A.H. Robins, Co., 697 F.2d 880, 885 (9th Cir. 1983).

[10] 5A Charles Alan Wright and Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE, § 1380, at 650 (2d ed. 1990).

have not properly alleged that his compensation agreements were a "prohibited transaction."

This Court has already held in <u>Secretary of Labor v. Couturier, et al.</u>, 2:08-cv-02732-RRB-GGH, that based on the U.S. Supreme Court's decision in <u>Harris Trust v. Salomon Smith Barney</u>, 530 U.S. 238 (2000), any person who "knowingly participates" in a prohibited transaction under ERISA may held liable under 29 U.S.C. § 1132(a), whether or not that person is a fiduciary or party in interest with regard to an ERISA Plan.[11] Therefore, the relevant question is whether Bruce Couturier's compensation and indemnity packages could qualify as a "prohibited transaction" under ERISA.

Title 29 Section 1106 lists certain transactions which are prohibited by ERISA. These transactions may be between an ERISA plan and a party in interest as detailed in § 1106(a), or between an ERISA plan and a fiduciary of the plan as detailed in § 1106(b). At the time of the approval of his compensation and indemnity agreements, Bruce Couturier was not a fiduciary of the Plan and his status as the brother of an ERISA fiduciary is insufficient to make him a party in interest as defined by ERISA.

Plaintiffs argue that Bruce Couturier was a party in interest due to his status as an "officer, director, and employee of

---

[11] <u>S.O.L. v. Couturier, et al</u>, Docket 133 at 10, citing <u>Harris Trust</u> at 248.

TEOHC."[12] While the directors of Noll/TEOHC were Plan fiduciaries, Bruce Couturier did not become a director until 2005, after the compensation agreements in question had been approved. Furthermore, Bruce Couturier's status as an officer or employee of TEOHC is insufficient to make him a "party in interest" as defined by 29 U.S.C. § 1002(14).

Therefore, if there has been a prohibited transaction, it must involve a fiduciary or party in interest other than Bruce Couturier. Plaintiffs alternatively justify their "prohibited transaction" claim by pointing out that "Clair Couturier, an officer, director, and ESOP trustee, was a party-in-interest as defined in ERISA."[13]

Plaintiffs have pled facts sufficient to establish that Clair Couturier was a ERISA fiduciary who violated ERISA when he approved his brother's compensation agreements. Section 1106(b)(1) provides that "[a] fiduciary with respect to a plan shall not deal with the assets of the plan in his own interest or for his own account." Plaintiffs' clear theory of the case is that Clair Couturier paid unjust compensation to Bruce Couturier in exchange for his participation in the overall alleged scheme to defraud the Plan.

---

[12]   Docket 27 at 4.

[13]   Docket 27 at 4.

Specifically, Plaintiffs have alleged that "Clair Couturier used Plan assets by transferring part of the ESOP's equity interest to Defendant for Clair Couturier's benefit in protecting and completing the buyout."[14]

If Plaintiffs can prove this allegation, then they will have established that Bruce Couturier's compensation agreement was a "prohibited transaction" as defined by § 1106, because it was ultimately intended to benefit Clair Couturier's "own interest." Bruce Couturier may then be held liable under 29 U.S.C. § 1132(a)(3) for his knowing participation in the transaction, regardless of whether he himself qualified as a "party in interest" at that time. The "prohibited transaction" claim is therefore valid under ERISA.

### B. Plaintiff's Breach of Fiduciary Duty Claims Are Valid Under ERISA

Couturier further argues that Plaintiffs have not alleged facts sufficient to establish a claim for breach of fiduciary duty against him under ERISA. The Court has separately ruled on this issue in its Order granting a preliminary injunction at Docket 52. The Court has ruled that the claim for breach of fiduciary duty to

---

[14] Docket 27 at 6.

monitor the Plan trustees, which stems from Couturier's time as a director of TEOHC, is valid.[15]

### C. Plaintiffs' State Law Claims Are Barred By the Statute of Limitations

Couturier asks this Court to dismiss Plaintiffs' state law claims on three grounds: (1) Plaintiff's have failed to show that a shareholder demand on the TEOHC board would have been futile, so they may not pursue a derivative action; (2) the state law claims violate the statue of limitations; and (3) the remedies sought are improper. The Court finds that the statute of limitations period did indeed expire before the filing of this action, so the other two arguments are moot.

Both parties are in agreement that the relevant limitations period for the state law fraud and breach of fiduciary duty claims is three years.[16] They disagree as to when the period begins. Couturier points to the date when he executed his last compensation and indemnification agreements in August 2005.[17] Plaintiffs argue that the period should be counted from the date that Couturier initially demanded severance and stock option benefits in

---

[15] Docket 52 at 10.

[16] Docket 27 at 14.

[17] Docket 24 at 19.

June 2007, or alternatively, when an arbitrator awarded him $346,500 in September 2008.[18]

Plaintiffs justify their use of the later dates with the argument that no action can have accrued until the Plan suffered "actual monetary loss or perceptible harm."[19] According to Plaintiffs, no monetary loss or perceptible harm had accrued until Bruce Couturier sought severance benefits under the compensation agreements.

The problem with this line of reasoning is that Plaintiffs have not sought damages as a remedy in this action, so no "actual monetary loss" needs to be shown. Instead, Plaintiffs seek injunctive relief and invalidation of the agreements, or in other words, rescission. Under California law, a plaintiff who makes a claim based on a fraudulently obtained contract must show "actual monetary loss" in order to recover, "unless the plaintiff merely seeks to rescind the contract".[20] Because Plaintiffs seek only

---

[18]   Docket 27 at 15.

[19]   Docket 27 at 15 (citing City of Vista v. Robert Thomas Securities, Inc., 84 Cal. App. 4th 882, 889 (2000); Kvass Construction Co. v. Valley Insurance Services, Inc., 2002 WL 553413, at ** 3-4 (Cal. App. 4 Dist. Apr. 15, 2002).

[20]   Alliance Mortgage Co. v. Rothwell, 900 P.2d 601, 609 (Cal. Ct. App., 1995).

rescission of the compensation agreements, "actual monetary loss" is not required for a cause of action to accrue.

Moreover, the Court does not see how Couturier's request for payment under the agreements constitutes "perceptible harm" to Plaintiffs, while the execution of the agreements themselves does not. The more consistent view is that, in an action to rescind a contract, the claim accrued once Plaintiffs knew or should have known of the execution of the allegedly fraudulent contract. Therefore, the relevant date for accrual of the state law claims is August 21, 2005, more than three years before the filing of this suit. Plaintiffs' state law claims are barred by the statute of limitations.

### D. Laches Should Not Be Applied to Plaintiffs' Remaining Claims

Finally, Couturier argues that Plaintiffs' action should be barred by the doctrine of laches. Because Plaintiffs' state law claims are barred by the statute of limitations, the only remaining question is whether their ERISA claims should be barred by laches. The Ninth Circuit has noted that, "[g]enerally speaking, if Congress has provided a specific limitations period, a court should not apply laches. In such cases, '[t]he Congressional statute of limitations is definitive' and a petitioner 'may do what he likes

as long as he brings his suit within the stipulated period.'"[21] This is the rule which the Court adopts here. Plaintiffs' ERISA claims were brought within the statute of limitations prescribed by Congress. The Court will not substitute its own judgment for that of Congress with regard to the appropriate amount of time that a plaintiff may wait before bringing an ERISA claim. Therefore, the doctrine of laches does not apply to the Plaintiffs' remaining ERISA claims.

## V.  CONCLUSION

Plaintiffs have pled facts sufficient to support their ERISA claims for participation in a prohibited transaction and breach of fiduciary duty. Their state law claims, however, were not brought within the three-year statute of limitations for fraud under California law. The doctrine of laches does not apply to the ERISA claims because Congress has already provided a specific statute of limitations for such claims. For the foregoing reasons, Defendant Bruce Couturier's Motion to Dismiss at **Docket 23** is **GRANTED IN PART AND DENIED IN PART.**

ENTERED this 16th day of December, 2009.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT COURT JUDGE

---

[21] Telink, Inc. v. U.S., 24 F.3d 42, 45 n. 3 (9th Cir. 1994) (quoting Holmberg v. Armbrecht, 327 U.S. 392, 395, (1946) and Royal Air Properties, Inc. v. Smith, 312 F.2d 210, 214 (9th Cir. 1962)).